**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4200**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

GREGORY LEE MOORE,

                  Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (7:06-cr-00980-HMH-1)

Submitted:  July 31, 2008          Decided:  August 7, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  William Walter Wilkins, III, United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Lee Moore pled guilty to two counts of use of unauthorized access devices with intent to defraud and one count of unauthorized use of the identification of another in a scheme to defraud. At sentencing, the district court departed upward from the advisory Guidelines pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2006) because Moore's criminal history category under-represented the seriousness of his past criminal conduct and the likelihood that he would recidivate. The district court sentenced him to a total term of eighty-seven months imprisonment. Moore's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising for the court's consideration whether the district court erred by imposing an upward departure based on Moore's criminal history. Moore has been informed of his right to file a pro se supplemental brief, but has not done so. After reviewing the record, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guideline range." Gall, 128 S. Ct. at 597.

A district court may depart upward based on the inadequacy of the defendant's criminal history if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." USSG § 4A1.3(a)(1); United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003). The guideline further directs that "[i]n a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3 (a)(4)(B).

Our review of the record shows that the district court properly determined that Moore's criminal history category under-represented his criminal history. The court then properly moved incrementally down the sentencing table to the next higher offense

level and chose a sentence from within that range of imprisonment. We find no abuse of discretion in the district court's determination of Moore's sentence and therefore affirm. <u>Gall</u>, 128 S. Ct. at 597.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Moore's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew her motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>